Outdoor Theatre Caterers, Inc., Plaintiff and Counter-Defendant, Appellee, v. Springfield Drive-In Theatre Corp., Defendant and Counter-Plaintiff, Appellant.

Gen. No. 51,169.

First District, Fourth Division.

February 17, 1967.

Sturman, Sang & Carney, of Chicago (M. Robert Sturman and Vincent J. Carney, of counsel), for appellant.

Coburn and Kelly, of Chicago (Edward J. Kelly, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from a declaratory judgment entered in favor of the plaintiff and from a denial of a declaratory judgment sought by defendant in its counterclaim.

Plaintiff brought an action for declaratory judgment that it had the right to exercise an option to renew the term of a concession agreement for the period beginning October 31, 1962, and ending February 28, 1967. The defendant denied that plaintiff was entitled to the relief sought and in addition filed a counterclaim seeking a declaratory judgment in its favor that plaintiff had no option to extend the term of the concession agreement for the period in question. The matter was submitted to the trial court on a stipulation of facts.

Plaintiff is a concessionaire of foods and confectionery products in theatres and other public places. Defendant

is the owner and operator of the Springfield Drive-In Theatre, located near Springfield, Illinois. On March 1, 1947, defendant's predecessors, Joseph M. Sikes and wife, entered into an underlying lease with Gail N. Wanless as trustee, for two tracts of farmland for the term of fifteen years beginning March 1, 1947, and ending February 28, 1962. Sikes was granted the option to purchase the property and was also granted a second option to extend the term of the lease for an additional period of five years, that is for the period of February 28, 1962, to February 28, 1967, at a rental increase of 10% of the annual rent.

On August 27, 1947, Sikes entered into a concession agreement with plaintiff's predecessor, Illinois Sportservice, Inc., and this company transferred its interest in said concession agreement to plaintiff. No issue is raised respecting said transfer and therefore, in this opinion, plaintiff will be treated as the original concessionaire under said agreement. The term of the agreement was for a period of ten years, that is to say from the opening of the theatre to be constructed on the two tracts covered by the underlying lease, on or about September 1, 1947, to and including October 31, 1957. Under paragraph 12 of the concession agreement plaintiff was granted two options to renew, as follows:

"(1) . . . to renew this concession agreement for a period of five (5) years from October 31, 1957, upon the same terms and conditions as are herein set forth. . . .

"(2) . . . a second option to renew this concession agreement for a further period of five (5) years from October 31, 1962, upon the same terms and conditions as are herein set forth, excepting that with reference to said second option of renewal the same shall be conditioned upon Theatre Operators [the defendant herein] in turn exercising their similar option under the terms and provisions of their lease with Gail N. Wanless, Trust-

ee; and further conditioned upon said period embraced within the second renewal option terminating February 28, 1967."

The underlying lease gave Sikes the right to transfer their interest in the underlying lease to a corporation. On July 28, 1948, this was accomplished by the execution of a new lease between Wanless and defendant corporation, of which Sikes was president. No issue is raised respecting this transfer and in this opinion defendant will be treated as the original lessee.

The term of the new lease was exactly the same as under the original lease, that is, from March 1, 1947, to February 28, 1962; defendant was granted the same options granted it in the first lease, that is the option to purchase the property [1] and the option to renew the term for five years from February 28, 1962, to February 28, 1967.

On February 19, 1952, defendant entered into an agreement with Wanless whereunder it borrowed $30,000 from him and agreed to purchase the real estate for $68,500. The total indebtedness of $98,500 was payable as follows: $600 per month beginning March 1, 1952, and continuing each month thereafter until the principal amount was reduced to $68,500, plus interest at the rate of $6\frac{1}{2}\%$ per annum on the balance of said $30,000 remaining unpaid, payable semiannually, plus $1,580 a year as interest on the purchase price of $68,500. The balance of $68,500 became due and payable on or before February 28, 1962. Concurrently, defendant and Wanless cancelled the underlying lease, but defendant reserved the right to reinstate the lease and cancel the contract of purchase when it had paid off the loan of $30,000.

---

[1] The purchase price under the agreement dated July 28, 1948, was $68,500. The purchase price under the original agreement was $1,500 per acre for tract I and $1,000 per acre for tract II.

On December 1, 1958, the $30,000 loan having been repaid, defendant and Wanless entered into a contract of purchase in the form of a contract for warranty deed, whereunder defendant agreed to buy the real estate for $68,500 and Wanless retained title for security purposes only until the purchase price was paid in full. The parties have stipulated that payments under this contract are current and that the contract remains in full force and effect.

Plaintiff exercised its first option to renew for the five-year term from October 31, 1957, and remained in possession until October 31, 1962. No question is raised about this point. On March 1, 1962, plaintiff sent defendant a notice of its election to renew the concession agreement "for a period of five years, commencing from October 31, 1962." Defendant denied that plaintiff had the right to renew the concession agreement for said period and this appeal is concerned only with plaintiff's attempt to exercise its option to renew for the period after October 31, 1962.

### Opinion

The availability to plaintiff of an option in 1962 to renew its concession agreement for an additional five years was expressly "conditioned upon Theatre Operators in turn exercising their similar option under the terms and provisions of their lease with Gail N. Wanless, Trustee." It is clear that defendant did not exercise its option to renew the lease in 1962 for an additional period since it entered into a contract to purchase the land.

█ Plaintiff argues that it was the intention of the parties that the exercise by defendant of its option to renew was not a condition precedent to the right of plaintiff to exercise its option. In support thereof plaintiff relies upon a letter written by Joseph Sikes in 1952 in which he allegedly implied that plaintiff's lease had another fifteen years to run. The purpose of the letter

128

(though unsuccessful) was to convince plaintiff to invest $20,000 in a new concession stand, and in the letter Sikes stated that by apportioning the $20,000 over the term of plaintiff's lease the amount would be approximately $1,300 per year (this amounts to a fifteen-year period). The intention of the parties is determined as of the date of the execution of the concession agreement in 1947. Since the letter in question was written five years later and consisted of a plea for a substantial sum of money, its weight in ascertaining the intention of the parties in 1947 is nebulous.

We would also point out that plaintiff itself negates the weight to be given its argument since in its own brief plaintiff's right of tenancy is referred to as a "sublease." Obviously there can be no sublease unless there is a main lease.

■ We find that defendant's renewal of its lease was a condition precedent to the existence of plaintiff's option and, therefore, plaintiff had no option to renew. Plaintiff relies principally upon Jordan v. Busch, 285 Ill App 217, 1 NE2d 745, and argues that defendant placed an obstacle to the happening of a condition precedent and cannot rely on such condition to defeat his liability. In that case, as well as in the other cases cited by plaintiff, liability was imposed upon the defendant because his wrongful act prevented the occurrence of a condition precedent. The authorities relied upon by plaintiff are inapposite, since the defendant herein committed no wrongful act but instead merely exercised its specific contractual right (of which plaintiff was aware) to purchase the property. Nor is there any evidence whatsoever that defendant's contract to purchase was a sham to prevent the exercise of plaintiff's option. According to the stipulation of facts, the payments under the contract to purchase are current and the contract remains in full force and effect.

We find that plaintiff had no right to exercise the option in question and therefore the trial court should have entered a declaratory judgment in favor of the defendant and against plaintiff. The judgment of the trial court is reversed and the cause remanded with directions to enter a declaratory judgment denying the relief sought by plaintiff in its complaint and granting the relief sought by defendant in its counterclaim.

Reversed and remanded with directions.

ENGLISH, P. J. and McCORMICK, J., concur.